**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

|  |  |
|---|---|
| Loretta Hunt, | : |
| | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Hunter Warfield, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Loretta Hunt, by undersigned counsel, states as

follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a

consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

3.      The Plaintiff, Loretta Hunt ("Plaintiff"), is an adult individual residing in Raleigh,

North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a

"person" as defined by 47 U.S.C. § 153(39).

4.      Defendant, Hunter Warfield, Inc. ("Hunter"), is a Maryland business entity with

an address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Does 1-10 (the "Collectors") are individual collectors employed by Hunter and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.      Hunter at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.      The Debt was purchased, assigned or transferred to Hunter for collection, or Hunter was employed by the Creditor to collect the Debt.

10.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Hunter Engages in Harassment and Abusive Tactics

11.     Within the last year, Hunter began calling Plaintiff in an attempt to collect the Debt.

12.     The calls were placed to Plaintiff's cellular phone, number 919-xxx-0978.

13.     The calls were placed from telephone numbers 800-768-1011 and 813-283-4002.

14.     When Plaintiff answered the phone, she was met with a period of silence followed by an automated click at which point the call was transferred to a Hunter operator.

15.     The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

16.     On April 22, 2016, Plaintiff sent via facsimile to Hunter written notification to cease the all telephone calls to her telephone number (the "Letter").

17.     In the Letter, Plaintiff provided her mailing address and requested to be contacted via US postal mail only.

18.     Despite receipt of the Letter, Hunter continued placing automated calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

19.     Hunter's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

### C.  Plaintiff Suffered Actual Damages

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

3

24.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

30.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

31.     Defendants' telephone systems have all the earmarks of a Predictive Dialer.

32.     When Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

33.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

34.     Plaintiff revoked her consent by her written demand to cease calls to her cellular telephone.

35.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36.     The telephone number called by Defendants was and is assigned to a cellular telephone serviced for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

37.     Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

38.     Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

39.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 15, 2016

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF